United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Setai Hotel Acquisition, LLC, Plaintiff | ) ) |
| v. | ) ) Civil Action No. 16-21296-Civ-Scola |
| Miami Beach Luxury Rentals, Inc. and Allen Tuller, Defendants. | ) ) ) |

**Order on Motion to Dismiss Amended Complaint**

This matter is before the Court on the Defendants Miami Beach Luxury Rentals, Inc. ("MBLR"), and Allen Tuller's motion to dismiss the amended complaint. (Mot., ECF No. 125.) The Court has considered the motion to dismiss on the merits, and the Court need not wait for the motion to become ripe. *See Hooker v. Shinseki*, No. 8:12-CV-2759-T-30TBM, 2013 WL 593930, at *1 (M.D. Fla. Feb. 15, 2013) ("The Court need not wait for [the plaintiff's] response to the motion to dismiss . . . ."); *cf. Laborde v. GMAC Mortg., LLC*, No. 113CV00221RLVJCF, 2013 WL 12061841, at *3 (N.D. Ga. Apr. 25, 2013), *report and recommendation adopted,* No. 1:13-CV-00221-RLV, 2013 WL 12072121 (N.D. Ga. May 15, 2013) ("An unopposed motion to dismiss is not automatically due to be granted: rather, the Court is still required to consider the merits of the motion.") (internal quotations and citation omitted).

For the reasons set forth in this Order, the Court **denies** the motion (**ECF No. 125**).

## 1. Factual Allegations

The Plaintiff Setai Hotel Acquisition ("SHA") brought this action against the Defendants, raising seven statutory and common-law trademark claims: counterfeiting pursuant to 15 U.S.C. § 1116 (Count 1); infringement pursuant to 15 U.S.C. § 1114 and common law (Counts 2 and 4, respectively); unfair competition pursuant to the Lanham Act, 15 U.S.C. § 1125, and common law (Counts 3 and 5, respectively); dilution (Count 6); and false advertising pursuant to the Lanham Act (Count 8). (Am. Compl., ECF No. 110.) SHA also alleges a state-law claim of tortious interference in Count 7. (*Id.*)

SHA owns the Hotel Unit, eighty-two individual units, the Retail/Commercial Unit, and the Utility Unit of the Setai Resort & Residences, a Condominium ("the Condominium-Hotel"). (Am. Compl. ¶¶ 7, 11–12, 17.) The Declaration of the Condominium-Hotel governs the relationship among, and creates a series of binding agreements between, the various unit owners, the

Hotel Unit owner, and the Setai Resort & Residences Condominium Association. (*Id.* ¶¶ 9, 16.) The Condominium-Hotel differs from a traditional condominium in that certain "common elements" are not owned by the unit owners by percentage interest but instead are owned and operated by SHA. (*Id.* ¶¶ 11, 18.) Thus, the Declaration provides to unit owners, their guests, and invitees, an easement through and across common areas under the ownership and control of SHA. (*Id.* ¶ 14.) That easement "is limited solely and for the use of the named beneficiaries' obtaining access to and from their Unit, and shall not be used for the provision of any services, including, but not limited to, solicitation and/or provision of housekeeping, personal services . . . and/or food and beverage service, it being understood and agreed by all the Unit Owners that any such services may only be provided by the Owner(s) of the Hotel Unit . . . ." (*Id.* (quoting the Declaration, Am. Compl. Ex. 1, section 3.5(e)).)

SHA promotes and operates The Setai Hotel, comprised of the Hotel Unit, the eighty-two individual units owned by SHA, and other units owned by third parties that participate in SHA's rental program. (*Id.* ¶ 20.) The United States Patent and Trademark Office issued a service mark registration for "The Setai®" on November 13, 2001 ("the Setai Mark"), which the Setai Hotel uses as a brand. (*Id.* ¶¶ 20–21.) The Setai Mark was renewed on May 2, 2007, and May 21, 2012, and is now incontestable. (*Id.* ¶ 21.) SHA holds the exclusive license to the Setai Mark and, through extensive marketing efforts, has achieved international recognition for the Setai Mark. (*Id.* ¶¶ 23–26.) SHA maintains this international recognition in part by establishing standards that third-party unit owners must meet in order to participate in the rental program and become part of The Setai Hotel. (*Id.* ¶¶ 27–31.)

MBLR and its owner, Allen Tuller, rent units within the Condominium-Hotel that are not part of The Setai Hotel and provide housekeeping, concierge, and marketing services in relation to those rentals. (*Id.* ¶¶ 33, 51.) MBLR operates a website at a domain registered to and owned by Tuller.[1] (*Id.* ¶ 34.) The website uses photographs of The Setai Hotel, including the Hotel Unit, and advertises "'5-star' private accommodations at the Setai Resort and Spa." (*Id.* ¶ 35.) The website also provides floorplans of units for rent, bearing the Setai Mark and logo. (*Id.* ¶ 43.) In addition, MBLR and Tuller advertise on other internet locations, including Facebook, Pinterest, Google+, and HomeAway. (*Id.*

---

[1] The Defendants' changed the content of their website after the filing of the original complaint. The examples contained in the amended complaint refer to an archived version of the website. (Am. Compl. ¶ 41.) SHA alleges that the Defendants have since added disclaimers to the website. (*Id.* ¶¶ 50, 54.)

¶ 37–39.) Those sites advertise the rental units as hotel units and include links to The Setai Hotel website. (*Id.* ¶¶ 38, 44–45.) References to The Setai Hotel on the website include information about available amenities, including restaurants, gardens, spas, and events hosted by The Setai Hotel. (*Id.* ¶ 44, 46.) Further, MBLR and Tuller utilize search engine optimization and Google AdWords to direct internet traffic searching for "the Setai" to their website. (*Id.* ¶¶40–41.)

## 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require detailed factual allegations . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). However, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *See Twombly*, 550 U.S. at 555.

## 3. Analysis
### A. The Trademark Claims

Previously, this Court dismissed SHA's trademark claims because SHA had failed to allege sufficient facts to show that the Defendants' use of the Setai Mark extended beyond fair use. (Order, ECF No. 102.) There, the allegations of the complaint together with the exhibits attached to the Defendants' motion to dismiss showed only that the language in the Defendants' website appeared to describe the location of the units available for rent and to invite users to compare rental rates. (*Id.*); *see also* 15 U.S.C. § 1115(b)(4) (mentioning description of geographic origin as a fair use); *Setai Hotel Acquisitions, LLC v. Luxury Rentals Miami Beach, Inc.*, No. 16-21289-CIV, 2016 WL 7217730, at *2 (S.D. Fla. Dec. 9, 2016) (Moreno, J.) ("'One can use another's mark truthfully to identify another's goods or services in order to describe or compare its product

to the markholder's product." (quoting *Bd. of Supervisors of the Louisiana State Univ. v. Smack Apparel Co.*, 438 F. Supp. 2d 653, 662 (E.D. La. 2006))).

Now, in their second motion to dismiss, the Defendants assert that SHA has failed to correct any of the deficiencies highlighted by the Court. (Mot. at 1, ECF No. 125.) Specifically, the Defendants assert that SHA's numerous additional factual allegations do no more than illustrate that the Defendants' use of the Setai Mark served to describe a geographic location or to compare services. (*Id.* at 6–12.) The Defendants also raise numerous additional factual assertions of their own, which clearly go beyond the four corners of the amended complaint. (*Id.*) Finally, the Defendants fail to cite any substantive law to support their position.

The Defendants mistakenly underestimate the significant improvement in the detailed allegations of the amended complaint—in spite of the Court's overt indication two weeks before the Defendants filed this motion to dismiss that the amended complaint "addresse[d] the deficiencies the Court highlighted in its order on the motion to dismiss." (Order at 1, ECF No. 116.) The amended complaint alleges the use of the Setai Mark in all of the Defendants' marketing materials on the Defendants' main website and on several other internet forums. The Defendants' internet materials describe certain hotel services and amenities that The Setai Hotel actually provides, and the Defendants offer room rental—and thus access to those services—at a reduced rate. The Defendants have manipulated search engines to send internet traffic to the Defendants' website instead of to The Setai Hotel's website. What is more, the Defendants then provide links to The Setai Hotel's actual website, creating an impression that the services are connected. This described use of the Setai Mark goes beyond fair use. *See* 15 U.S.C. § 1115(b)(4).

Accordingly, the Court **denies** the motion to dismiss Counts 1 through 6 and Count 8 of the amended complaint.

### B. Tortious Interference

This Court also previously dismissed SHA's original count for tortious interference because SHA had failed entirely to allege any ownership in the Condominium-Hotel, and thus had failed to establish a "business relationship" for purposes of a tortious interference claim. (Order, ECF No. 102.) This Court further noted that the complaint failed to allege that the Defendants intentionally and unjustifiably provided the same services that SHA claimed an exclusive right to provide. (*Id.*) Now, the Defendants contend that SHA has failed to correct these defects. (Mot. at 13.)

Again, the Defendants are mistaken. To sufficiently state a claim for tortious interference under Florida law, the plaintiff must allege: (1) the existence of a business relationship; (2) the defendant's knowledge of that

business relationship; (3) the defendant's intentional and unjustifiable interference with that business relationship; and (4) damages to the plaintiff as a result. *Romika-USA, Inc. v. HSBC Bank USA, N.A.*, 514 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (McAliley, J.). SHA's amended complaint alleges sufficient facts under each of these elements. (Am. Compl. ¶¶ 7–19, 29, 32, 42, 44–49.)

Certainly, the amended complaint still leaves unclear which exact services the Defendants actually provided. However, the amended complaint alleges that the Defendants directly and indirectly (via links to The Setai Hotel website) advertised services and amenities that, in reality, were provided by The Setai Hotel. (*Id.* ¶ 42, 44–49.) Together these allegations tend to create the impression that the Defendants were offering services such as housekeeping, in-suite dining, concierge services, spa services, and transportation services. (*Id.*) These allegations sufficiently overcome the deficiencies of the original complaint.

Accordingly, the Court **denies** the motion to dismiss Count 7 of the amended complaint.

### 4. Conclusion

SHA sufficiently alleges its trademark and tortious interference claims. Accordingly, for the reasons explained above, the Court **denies** the Defendants' motion to dismiss the amended complaint (**ECF No. 125**). The Defendants must answer the amended complaint on or before **May 4, 2017**.

**Done and ordered**, at Miami, Florida, on April 28, 2017.

_____
Robert N. Scola, Jr.
United States District Judge