**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION
Case Number: 16-cv-21296-SCOLA/OTAZO**

SETAI HOTEL ACQUISITION LLC

    Plaintiff,

v.

MIAMI BEACH LUXURY RENTALS, INC., a Florida corporation; and ALLEN TULLER, an individual,

    Defendants.

## MOTION TO TAKE JUDICIAL NOTICE

Plaintiff Setai Hotel Acquisition LLC ("SHA"), through undersigned counsel, respectfully moves this Court for the entry of an order taking judicial notice of the following: (1) the file history of Trademark Registration Number 2,506,974 (the "Setai Mark") as it appears on the USPTO's website; (2) the Declaration of Setai Resort & Residences, a Condominium; (3) the Special Warranty Deed granting SHA ownership of 82 individual units at The Setai Resort And Residences; and (4) documents from the Internet Archives, and in support thereof, states:

**I.  Legal Standard**

On a party's request, a court "must take judicial notice" of an adjudicative fact not subject to reasonable dispute if "the court is supplied with the necessary information." Fed. R. Evid. 201(b)(2); *see also* Fed. R. Evid. 201(a) advisory committee's note (explaining it is proper to take judicial notice of facts with a "high degree of indisputability" that are "outside the area of reasonable controversy").

"Adjudicative facts are facts that are relevant to a determination of the claims presented

in a case." *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1204 (11th Cir. 2004). "[M]atters of public record" are generally considered facts not subject to reasonable dispute. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001); *see also Universal Express, Inc. v. U.S. Sec. & Exch. Comm'n*, 177 Fed. App'x. 52, 53 (11th Cir. 2006).

## II. Discussion

### A. The Court Must Take Judicial Notice of The File History of Trademark Registration Number 2,506,974 (the "Setai Mark") as it Appears on the USPTO's Website and the Registration Certificate for the Setai Mark.

It is well established that publicly available USPTO records may be judicially noticed under Rule 201, as they are not subject to reasonable dispute. *See Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 705 n.5 (3d Cir. 2004) ("According to records available on the PTO website, a Notice of Allowance for the ALTOPREV mark was issued on February 24, 2004. We may take judicial notice of such public records."); *Duluth News-Tribune v. Mesabi Publ'g Co.*, 84 F.3d 1093, 1096 n.2 (8th Cir. 1996) (taking judicial notice of trademark registration).

SHA requests that the Court take judicial notice of the Setai Mark's file history, attached as it appears on the USPTO's website as **Exhibit "A"**, because the file history demonstrates, *inter alia*, that the Setai Mark was registered on November 13, 2001, that the Setai Mark is now incontestable, and that the Setai Mark was registered in International Class 042 for hotel and resort services. Such facts are relevant to a determination of the claims presented in this case, and therefore, constitute adjudicative facts.

Because the Setai Mark's file history contains adjudicative facts not subject to reasonable dispute, and because the Court has been supplied with the necessary information, *see* **Exhibit "A"**, the Court must take judicial notice of the Setai Mark's file history. *See* Fed. R. Evid. 201(b)(2).

### B. The Court Must Also Take Judicial Notice of the Condominium Declaration and of the Special Warranty Deed

SHA further requests that the Court take judicial notice of the Declaration of Setai Resort & Residences, a Condominium, recorded on January 16, 2004 in the Official Records of Miami-Dade County, Florida at OR Book 21981, Page 2159 (the "Declaration"), attached hereto as **Exhibit "B"**, and of the Special Warranty Deed recorded on March 3, 2015 in the Official Records of Miami-Dade County, Florida at OR Book 29521, Page 4393 (the "Deed"), attached hereto as **Exhibit "C"**.

Both the Declaration and the Deed are public records which may be judicially noticed under Rule 201, as they are not subject to reasonable dispute. *See, e.g.*, *Morlock, L.L.C. v. Bank of Am., N.A.*, No. CIV.A. H-12-0364, 2012 WL 1640895, at *2 (S.D. Tex. May 8, 2012) (judicially noticing copies of Deed of Trust, Assignment of Deed of Trust, and Condominium Declaration submitted with Motion to Dismiss because documents "are all matters of public record, having been filed in Public Records of Harris County, Texas[.]").

The Declaration governs The Setai Resort and Residences (the "Condominium-Hotel") and its provisions are at issue in this case. *See* ECF No. 110, Amended Complaint. Further, both the Declaration and the Deed demonstrate SHA's ownership of units at issue this case. Such facts are relevant to a determination of the claims presented in this case, and therefore, constitute adjudicative facts. *Id.*.

Because the Declaration and Deed contain adjudicative facts not subject to reasonable dispute, and because the Court has been supplied with the necessary information, *see* **Exhibits "B" and "C"**, the Court must also take judicial notice of the Declaration and Deed. Fed. R. Evid. 201(b)(2).

### C. The Court Should Take Judicial Notice of Records from the Internet Archives

Finally, SHA requests the Court take judicial notice of documents from the Internet Archives. The Internet Archives are documents maintained by an online library that preserves records of webpages on the internet. The Internet Archives have been found to be a reliable source subject to judicial notice in the Southern District of Florida. *See Tobinick, MD v. Novella*, 2015 WL 1526106 at *2, No. 9:14-cv-80781 (S.D. Fla. Apr. 2, 2015) (Rosenberg, J.) ("the Court takes judicial notice of the Internet Archive's history of the page"). Documents from the Internet Archives are annexed to the Amended Complaint (ECF No. 110) as Exhibits 9 through 14, inclusive (ECF Nos. 110-9 through 110-14, inclusive). Additional documents from the Internet Archives are attached hereto as **Exhibit "D"**.

The history of Defendants' webpage is an adjudicative fact because that history demonstrates Defendants' advertising and their use of the Setai Mark. Moreover, there can be no reasonable dispute as to the authenticity of documents archived by the Internet Archives. Webpages are public documents that are freely accessible by anyone. Therefore, the Internet Archives does not require any special access to view, and save copies of, the publicly available webpages. Moreover, the Internet Archives has been previously found by this District to be subject to the taking of judicial notice.

**WHEREFORE,** Plaintiff respectfully requests that this Court enter an order granting this Motion and taking judicial notice of: (1) the file history of Trademark Registration Number 2,506,974 (the "Setai Mark") as it appears on the USPTO's website; (2) the Declaration of Setai Resort & Residences, a Condominium; (3) the Special Warranty Deed granting SHA ownership of 82 individual units at The Setai Resort And Residences; and (4) documents from the Internet Archives.

Dated: May 9, 2017

SHUTTS & BOWEN LLP
*Counsel for Plaintiff*
Setai Hotel Acquisition LLC
1100 CityPlace Tower
525 Okeechobee Boulevard
West Palm Beach, FL  33401
Telephone:  (561) 835-8500
Facsimile:  (561) 650-8530

By:     /s/ Daniel J. Barsky
       Daniel J. Barsky
       Florida Bar No. 25713
       Daniel F. Benavides
       Florida Bar No. 81675

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that I met and conferred via email with counsel for Defendants. Counsel for Defendants does not oppose the relief requested in Section II(B) of the foregoing motion.  Counsel for Defendants apparently opposes the relief requested in Section II(A) of the foregoing motion as he apparently believes that the undersigned (or someone at his firm) altered the USPTO file.  Counsel for Defendants opposes the relief requested in Section II(D) of the foregoing motion.

       /s/ Daniel J. Barsky
       Daniel J. Barsky

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 9th day of May, 2017, the foregoing was served upon Counsel for Defendants by delivering a true and correct copy of same to counsel via CM/ECF electronic noticing.

### SERVICE LIST
*Setai Hotel Acquisition LLC* v. *Miami Beach Luxury Rentals, Inc. et al.*
United States District Court, Southern District of Florida
Case No.: 16-cv-21296-RNS

Tony L. Stabenow, Esq.
Florida Bar No.: 0033328
THE STABENOW LAW FIRM, PLLC
3725 NE 167 Street, #2
North Miami Beach, FL 33160
Telephone: (305) 904-3777
Tony@StabenowLaw.com

*Attorneys for Defendants Miami Beach Luxury Rentals, Inc. and Allen Tuller*

                                                                          /s/ Daniel J. Barsky
                                                                            Daniel J. Barsky

WPBDOCS 9247598 1