United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Setai Hotel Acquisition, LLC, Plaintiff | ) ) ) |
| v. | ) Civil Action No. 16-21296-Civ-Scola |
| Miami Beach Luxury Rentals, Inc. and Allen Tuller, Defendants. | ) ) ) |

## Order on Defendants' Appeal of Magistrate Judge's Order

The Defendants' filed three discovery motions: (1) the motion to overrule objections filed on May 17, 2017 (1st Mot., ECF No. 174); (2) the motion to compel documents regarding a vacation rental license, filed on May 18, 2017 (2d Mot., ECF No. 176); and (3) the motion to compel documents related to a New York lawsuit, filed on May 19, 2017 (3d Mot., ECF No. 178). In the third motion, the Defendants also sought an order sanctioning the Plaintiff Setai Hotel Acquisition ("SHA"), finding a waiver of privilege, striking the pleadings, and entering judgment against SHA. (3d Mot. at 7.) SHA filed a single response to all motions. (ECF No. 182.)

The motions came before United States Magistrate Judge Alicia M. Otazo-Reyes for a hearing on May 24, 2017. (Tr., ECF No. 198.) At the outset, Judge Otazo-Reyes advised the parties that she would consider the first motion only insofar as it renewed issues that had come before the court previously and would not consider the second and third motions because the Defendants filed them well after the close of discovery. (*Id.* at 3–4.) Ultimately, Judge Otazo-Reyes ordered SHA to produce certain specific documents that the Defendants claimed were missing from production. (Order at 2, ECF No. 187.) The Defendants now appeal that order. (Appeal, ECF No. 194.)

A district court may reconsider a magistrate judge's ruling on a non-dispositive matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (2006); *see also* Rule 4 of the Local Magistrate Judge Rules. "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *Wausau Underwriters Ins. Co. v. Danfoss, LLC*, 310 F.R.D. 689, 690 (S.D. Fla. 2015) (Rosenberg, J.) (citing *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401 (1990)). A party appealing the Magistrate Judge's order on a non-dispositive matter is not entitled to a de novo review. *Wausau*, 310 F.R.D. at 690.

First, Judge Otazo-Reyes did not abuse her discretion in denying the Defendants' second and third discovery motions. *See, e.g.*, *Pipino v. Delta Air Lines, Inc.*, No. 15-CV-80330, 2016 WL 2856003, at *4 (S.D. Fla. May 13, 2016) (Matthewman, J.) ("The Court will not consider an untimely discovery motion filed well after the discovery cut-off date, after the substantive motion deadline, and in violation of the Court's Local Rules."); *Higgs v. Costa Crociere S.p.A. Co.*, Case No. 15-cv-60280, 2015 WL 5915789 (S.D. Fla. Oct. 9, 2015) (Seltzer, J.) (denying motion to compel because it was filed outside of the 30–day period established by the Local Rule). The Defendants filed the second and third motions on May 18 and May 19, 2017, respectively.

Discovery closed on April 21, 2017, after the parties requested and received at least two extensions. The Court extended the discovery deadline to April 28, 2017, only to the extent necessary to conduct the deposition of SHA's corporate representative. (Paperless Order, ECF No. 127.) Further, when the Court extended the dispositive-motion deadline to May 9, 2017, it noted that "[t]he parties entirely ignore a simple fact—the conduct of the parties' respective counsel created the situation in which they now find themselves, one of having a very short turn-around time between the close of fact discovery and the dispositive-motion deadline." (Paperless Order, ECF No. 136.)

The Defendants argue on appeal, as they argued during the hearing, that they could not have been aware of any missing production before the deposition of SHA's corporate representative on April 28, 2017. However, the Court finds this argument indeterminable at best and insincere at worst. The Court remains aware of the persistent discovery disputes in this action. Specifically, the Court recalls that for an extended period of time after SHA produced documents to the Defendants, the Defendants refused to even review those documents. (Tr. at 5, 9, ECF No. 125.) The Defendants cannot now complain that they were unaware of missing production when no way exists to determine whether certain information would have been revealed sooner had the Defendants engaged in the discovery process from the beginning. Moreover, after reviewing the transcript and the objections, no clear indication exists that the production sought in the second and third motions had in fact *not been produced* by SHA.

Even if Judge Otazo-Reyes had considered the third motion, the relief requested therein bore no proportionality with the alleged discovery violation. *See Inmuno Vital, Inc. v. Telemundo Grp., Inc.*, 203 F.R.D. 561, 573 (S.D. Fla. 2001) (Moore, J.) ("The sanction of striking the pleadings and granting default judgment is a sanction of last resort and is appropriate only where lesser sanctions are not adequate.") (internal quotations and citation omitted).

Next, Judge Otazo-Reyes did not abuse her discretion in ordering production of certain documents related to the deposition of SHA's corporate representative. The court has broad discretion to compel discovery, which means the "court has a range of choice, and that its decision will not be disturbed as long as it stays within that range and is not influenced by any mistake of law." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011) (internal quotations and citation omitted). The Court notes that review of the hearing transcript reveals that Judge Otazo-Reyes compelled the production of every document that the Defendants *specifically* requested, unless protected by a privilege or the confidentiality order. The Defendants cannot fault Judge Otazo-Reyes for not compelling certain other documents if the Defendants were not prepared with specific requests. Likewise, as shown in the following exchange, the Defendants cannot continue protesting a lack of production of documents already produced:

> SHA'S COUNSEL: [T]hey are seeking the form documents sent to the owners.
> . . . .
> DEFENSE COUNSEL: I literally, Your Honor, got those after I filed them.
> THE COURT: Well, then, you know, literally you can't ask for, you know, them to be produced if they have been produced already. And if your problem is with them being confidential, that's a different story. We just keep . . . stringing this along.

(Tr. at 21–22, ECF No. 198.)

The Court has considered the Defendants' objections, the record, and the relevant legal authorities, and Judge Otazo-Reyes's rulings are not clearly erroneous or contrary to law. Accordingly, it is hereby **ordered and adjudged** that the Magistrate Judge's Order on the Defendants' three discovery motions (**ECF No. 187**) is **affirmed**.

**Done and Ordered** in chambers, at Miami, Florida, on August 2, 2017.

_____
Robert N. Scola, Jr.
United States District Judge