United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Setai Hotel Acquisition, LLC, Plaintiff | ) ) ) |
| v. | ) Civil Action No. 16-21296-Civ-Scola |
| Miami Beach Luxury Rentals, Inc. and Allen Tuller, Defendants. | ) ) ) |

### Order on Defendants' Motions to Strike

The Defendants' filed two motions to strike certain evidence that the Plaintiff Setai Hotel Acquisition submitted in support of its motion for summary judgment and in opposition to the Defendants' motion for summary judgment. (Mot. 1, ECF No. 172; Mot. 2, ECF No. 184.) Specifically, the Defendants seek to strike: (1) the affidavit of Salem Mounayyer and exhibits thereto (ECF No. 143); (2) the affidavit of Daniel J. Barsky and exhibits thereto (ECF No. 144); (3) an expert report on damages (ECF No. 166-1); (4) exhibits attached to the second affidavit of Daniel J. Barsky (ECF No. 165); and (5) the declaration of Robert Spiegelman, attached to Setai's reply in support of its motion for summary judgment (ECF No. 181-2). Setai filed a consolidated response (ECF No. 193), and the Defendants filed a consolidated reply (ECF No. 196).

As an initial matter, the Court notes that the Defendants failed to include a certificate of a good-faith conference in either motion. The Local Rules of the Southern District of Florida, requiring a moving party to confer in good-faith: "Prior to filing any motion in a civil case . . . counsel for the movant shall confer . . . or make reasonable effort to confer . . . with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." S.D. Fla. L.R. 7.1(a)(3). The motion must include a certification noting that the movant complied with the Rule. "Failure to comply with the requirements of this Rule provides the Court sufficient grounds to deny the Motion without reaching the merits." *Boston v. Allstate Prop. & Cas. Ins. Co.*, No. 15-CIV-20962, 2015 WL 13134478, at *3 (S.D. Fla. July 9, 2015) (Graham, J.) (internal citation and quotations omitted).

The Court takes these requirements seriously and has full discretion to deny the Defendants' motions on these grounds alone. *See Nanotech Entm't, Inc. v. R&T Sports Mktg., Inc.*, No. 14-61608-CIV, 2014 WL 12611203, at *3 (S.D. Fla. Sept. 24, 2014) (Cohn, J.). However, notwithstanding the Defendants'

lack of compliance and in the interest of judicial economy, the Court **denies** the motions on the merits (**ECF No. 172 and 184**).

"An affidavit submitted in connection with a summary judgment motion is subject to a motion to strike if it does not meet the standards set forth under Rule 56(e) of the Federal Rules of Civil Procedure." *Pashoian v. GTE Directories*, 208 F. Supp. 2d 1293, 1297 (M.D. Fla. 2002). Rule 56(c)(4) provides that an affidavit "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." As such, a court may strike an affidavit including conclusory arguments, statements not based on personal knowledge, or hearsay statements. *Pashoian*, 208 F. Supp. 2d at 1297–98. However, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba v. Deboer,* 193 F.3d 1316, 1323 (11th Cir. 1999) (internal quotations omitted). "A motion to strike an affidavit or declaration should be granted only in extreme circumstances." *Wajnstat v. Oceania Cruises, Inc.*, No. 09-21850-CIV, 2011 WL 2746235, at *1 (S.D. Fla. July 14, 2011) (Cooke, J.) (internal citation and quotations omitted).

The Court has reviewed meticulously the allegedly objectionable affidavits and exhibits, and the Court finds no grounds on which to strike them. Of course, in ruling on the cross-motions for summary judgment the Court will "consider and assess the relevance and competence" of all of the evidence presented in support of and in opposition to the motions. *See Hernandez v. Mohawk Indus., Inc.*, No. 608-CV-927-ORL-28GJK, 2009 WL 3762847, at *1 (M.D. Fla. Nov. 10, 2009). If the Court finds that certain paragraphs in affidavits or certain exhibits are inadmissible for purposes of summary judgment, the Court will not consider that material in reaching a determination.

**Done and Ordered** in chambers, at Miami, Florida, on August 9, 2017.

Robert N. Scola, Jr.
United States District Judge